UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEFAN SIMPSON #851375,

        Plaintiff,                                         Hon. Robert J. Jonker

v.                                                      Case No. 1:24-cv-6

E. VANDERWIEL, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Stefan Simpson, a prisoner currently on parole with the Michigan Department of Corrections (MDOC), filed his complaint in this action pursuant to 42 U.S.C. § 1983 on January 2, 2024, while he was incarcerated at the Muskegon Correctional Facility (MCF). (ECF No. 1.) Plaintiff alleged that on September 24, 2022, while he was incarcerated at MCF, Defendant opened the door to Plaintiff's cell, grabbed Plaintiff's penis, and said, "That's a nice dick." (*Id.* at PageID.3.)

        Presently before me is Defendant's Rule 37 Motion to Impose a Discovery Violation Sanction of Dismissal or, Alternatively, for the Court to Direct Certain Facts be Deemed Established. (ECF No. 19.) Plaintiff has failed to respond to the motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and dismiss Plaintiff's complaint with prejudice.

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley*, No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

1

## I. Background

On December 6, 2024, I issued a Standard Case Management Order in a Prisoner Civil Rights Case (CMO). (ECF No. 14.) The CMO provided that the parties may conduct discovery through April 7, 2025. In addition, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant was authorized to take Plaintiff's deposition. (*Id.* at PageID.55.) On February 13, 2025, Plaintiff was paroled to 14217 Winthrop Street, Detroit, MI 48227. (ECF No. 20-4 at PageID.90.)

On February 21, 2025, defense counsel served a Notice of Deposition on Plaintiff to be taken on March 5, 2024 via Zoom. (ECF No. 20-5 at PageID.98–100.) The notice provided the date, time, and location of the deposition, as well as counsel's email address. (*Id.* at PageID.99–100.) Plaintiff did not contact counsel prior to the deposition, so counsel called Plaintiff at his current parole-listed phone number on March 4, 2025. Because there was no answer, counsel left a voicemail with his contact details. (ECF No. 20-6 at PageID.102–03.)

Counsel appeared on the record to depose Plaintiff at the time set for the deposition on March 5, 2025, but Plaintiff did not appear. (ECF No. 20-5.) At 11:15 a.m. that morning, defense counsel received a "missed call" alert on his cell phone from Plaintiff's number. (ECF No. 20-6 at PageID.103–04.) Plaintiff did not leave a message. Because counsel's phone did not ring or vibrate, it appeared that whoever called his phone hit send and immediately hung up to ensure the call would not be answered. (*Id.*) At 11:17 a.m., counsel called Plaintiff, but no one answered. Since then, Plaintiff has made no attempt to contact defense counsel. (*Id.* at PageID.104.) On April 2, 2025, prior to filing the instant motion, defense counsel telephoned Plaintiff at his parole-listed telephone number to obtain concurrence to the motion. However, Plaintiff did not answer. While counsel left a voicemail identifying himself and the reason for his call, Plaintiff did not try to contact defense counsel. (ECF No. 21.)

## II.  Discussion

Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i), a court may impose sanctions for a party's failure to attend his own deposition. Potential sanctions include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi), up to and including dismissal of the action. Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). In general, before dismissing an action under either rule, a court must consider the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 737 (applying factors in Rule 41(b) context); *see also United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (noting that the same four factors are considered under both Rule 37(b)(2) and Rule 41(b)).

The Sixth Circuit has upheld dismissal under Rules 37 and 41(b) in the precise circumstances presented here: a party's willful refusal to attend his own deposition. *See Woodson v. Morris*, No. 94-6608, 1995 WL 692543 (6th Cir. Nov. 17, 1995). The court stated:

> Upon review, we conclude that the district court did not abuse its discretion in dismissing the case as a sanction for Woodson's failure to attend his deposition. *See Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994). Although Woodson had adequate advance notice of the date of the deposition, he still refused to participate in the deposition. In light of this willful refusal to attend the deposition, the district court properly sanctioned Woodson by dismissing his case. *See Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (clear record of delay and contumacious conduct sufficiently supports sanction of dismissal).

*Id.* at *1; *see also Voit v. Jefferson Cnty. Sheriff's Dep't*, 31 F. App'x 189, 190–91 (6th Cir. 2002) (finding dismissal appropriate after the plaintiff failed to attend his ordered deposition).

While Plaintiff was not ordered to attend his deposition, his failure to attend his noticed deposition, as well as his failure to respond to defense counsel's phone calls about the deposition, satisfy the four factors cited above. First, it is clear that Plaintiff's failure to attend his deposition was due to willfulness rather than a misunderstanding or circumstances beyond Plaintiff's control. Plaintiff never contacted defense counsel to inform him that he could not attend the deposition or needed to reschedule. He also failed to respond to counsel's calls, and he has not responded to the instant motion, clearly indicating that he has no interest in prosecuting this action. Second, Defendant is prejudiced because he was "required to waste time, money, and effort in pursuit of cooperation which [Plaintiff] was legally obligated to provide." *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (internal quotation marks omitted*)*. Third, although the Court had not previously warned Plaintiff that his failure to attend his deposition could lead to dismissal, he certainly knew his failure to respond to counsel's phone calls and the instant motion requesting dismissal as a sanction could result in dismissal. *See Resch v. Rink*, No. 2:21-cv-227, 2023 WL 8039664, at *2 (W.D. Mich. Oct. 26, 2023), *report and recommendation adopted*, 2023 WL 8020905 (W.D. Mich. Nov. 20, 2023) ("Although the Court did not warn Resch that the case could be dismissed if he failed to attend his deposition, Resch's conduct in this case shows willful bad faith. Resch abandoned the prosecution of this case by failing to attend his deposition, failing to respond to defense counsel, and by failing to respond to this motion or otherwise take any action indicating that he intends to prosecute this case."). Finally, given Plaintiff's lack of effort and interest in prosecuting this case, it is clear that less drastic sanctions will not address Plaintiff's willful and bad faith conduct.

Accordingly, dismissal of this action is an appropriate sanction.

4

### III. Conclusion

For the foregoing reasons, I recommend that the Court **GRANT** Defendant's motion (ECF No. 19) and dismiss Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i) .

Dated: May 27, 2025  /s/ Sally J. Berens  
SALLY J. BERENS  
U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).